PEDEK, Respondent, vs. WEGEMANN and another, Appellants.

*December 5, 1955—January 10, 1956.*

462

*Dougherty, Arnold & Philipp* of Milwaukee, for the appellants.

For the respondent there was a brief and oral argument by *Alvin L. Zelonky* of Milwaukee.

BROADFOOT, J. The defendants first contend that there was no credible evidence in the record from which the jury could affirmatively answer any of the questions in the special verdict as to the causal negligence of Wegemann. In its memorandum decision the trial court reviewed the testimony and exhibits and determined that the record did present questions of fact for determination by the jury. In view of the fact that there must be a new trial of the issues we do not deem it proper to comment upon the testimony but a careful review of the record indicates that the trial court was correct in denying the motion for a directed verdict.

In support of their second motion, the defendants contend that, even though the plaintiff was entitled to have the jury pass on questions with respect to Wegemann's negligence, the negligence of the plaintiff as a matter of law was equal to or greater than that of the defendant. In its memorandum decision the trial court indicated that in its opinion the plaintiff was causally negligent with respect to the speed at which he operated his motorcycle; that although he was operating an emergency vehicle he did not come under the exceptions to the speed restrictions as provided in sec. 85.40 (5), Stats., for the reason that his siren was not in operation prior to the collision. The trial court further indicated that the other issues presented jury questions and that if both plaintiff and Wegemann were found to be causally negligent by the jury, the comparison and apportionment thereof was a matter for determination by the jury. We agree.

Following the direction of the mistrial, the court impounded the special verdict and it is not part of the record. We have no way of knowing what findings may be made by a jury when the case is tried. The record presented issues of fact to be determined by the jury and this court cannot determine from the record that the causal negligence of the parties was equal or that the causal negligence of the plaintiff exceeded that of Wegemann as a matter of law.

*By the Court.*—Order affirmed.